IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETS

Jaime: Rey

    Plaintiff,

vs.

MICHELE CRISTELLO

    Defendant

Case No.: Number

COMPLAINT FOR DEPRIVATION OF RIGHTS UNDER COLR OF LAW

COMES NOW, the Plaintiff, Jaime Rey, sui juris who files this Complaint and asserts his claims for relief against Defendant MICHELE CRISTELLO.

JURISDICTION AND VENUE

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, 28 U.S.C. § 2201 et seq, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 18 U.S.C. § 1584, Fourth, Fifth, Thirteenth and Fourteenth Amendments Rights, and violation of Article I, Section 9, Clause 3.

Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. 1391(b)(1). Venue is further proper by virtue of the actions arising in district of the District of Massachusetts to wit any civil action brought in this district on the grounds that the cause of action arose here must be filed in a division of the district wherein the activity occurred.

PARTIES

Plaintiff: Jaime G.: Rey, sui juris who dwells at 377 Willard Street #255 Massachusetts Commonwealth, Quincy Non-Domestic, Real Land North America.

Defendant: MICHELE CRISTELLO, named and sued as officer de facto pursuant to 42 U.S.C.§ 659(a)(b)(i)(4) in her capacity of private person at all times relevant to the causes of action set forth herein. Her principal place of business is

1

100 CAMBRIDGE ST. SUITE 500 BOSTON, MA, 02114-2524. At all times herein, Defendant CRISTELLO acted under color of federal and state law coram non judice.

## INTRODUCTION

Section 8 IV-D enforcement manual p.65. provides that the IV-D program is a partnership between the federal government and Massachusetts Commonwealth. A partnership is an association of two or more persons to carry on as co-owners of a business for profit. Defendant CRISTELLO knows the CSED through the Commonwealthsparticipation the IV-D program profits,and is free to spend its share of profits in any manner the Commonwealth sees fit. IV-D services are outsourced by the 42 U.S.C. § 652(a) detached and disconnected federal OCSE within the U.S. DHHS through 31 U.S.C. § 6303 and § 6305 procurement contracts, *i.e.*the process of acquiring services, beginning with the process for determining a need for services and ending with contract completion. 41 U.S.C. §403(2).

No federal regulations or provisions employed by Defendant CRISTELLO to garnish my honestly acquired income are mandatory. However, in order to profitfrom the CSED operating "[in]" Massachusetts,the Commonwealth was required toadopt the*provisions* of 42 U.S.C. §654(20) and §602(a)(2) resulting in Defendant CRISTELLO committing the violations under color of nonpositive law titles that mirror federalnon positive law titles and regulations.

Provisions are the foresight of the chance of an event happening, sufficient to indicate that any present undertaking upon which its assumed realization might exert a natural and proper influence was entered upon in full contemplation of it as a future possibility. *Appeal of Blake*, 95 Conn. 194, 110 A. 833, 834.

Based on the contractual nature in*Pennhurst*, 451 U.S. at 17, 101 S.Ct. at 1540, 67 L.Ed.2d at 707,adoption of a contract by one not a party thereto is of the nature of a novation. *Edwards v. Heralds of Liberty*, 263 Pa. 548, 107 A. 324, 326.Novation isthe previous valid obligation, an agreement of all the parties to a new contract, the extinguishment of the old obligation, and the validity of the new one. *Alkire v. Acuff*, 134 Okl. 43, 272 P. 405, 406.

2

## CRUX

This complaint is not the result of the Plaintiff Rey supporting my human offspring financially through the officious intermeddling of the Defendant CRISTELLO, nor does this complaint stem from a loss in any CommonwealthPart the Second Chapter III CommonwealthCourt judgment because the 45 C.F.R. § 303.100 acts performed by Defendant CRISTELLOwhere coram non judice and cannot be the equivalent of an appellate review of a Part the Second Chapter III Court judgment. Wherefore, this court will not be exercising an impermissible appellate review of Part the Second Chapter III Court order(s) or judgment for support.As such Rooker Feldman Doctrine is no defense against this complaint.

The crux of Plaintiff Rey's complaint is the premeditated unconstitutional and forbidden acts performed byDefendant CRISTELLO coram non judice from within the executive branch to enforce and collect IV-D payments by garnishing Plaintiff Rey's honestly acquired income thusfailing to comply with 45 C.F.R. § 303.107(c) regulationand provide 45 C.F.R. § 303.100(6) procedural due processwhich resulted in me beingsubjectand caused me to be subject to the deprivation of my **Fourth, Fifth, Thirteenth and Fourteenth Amendment Rights** secured by the Constitution, intentionally inflicted upon me **through bills of pains and penalties prohibited by**Article I, Section 9, Clause 3. As such the Younger Abstention Doctrine does not a defense against this complaint.

## GRAVEMAN

The income which Plaintiff Rey has honestly acquired, I retain full control of subject to these limitations; First I shall not use it to my neighbor'sinjury, and that does not mean that I must use it for myneighbor's benefit; Second, I did not devote it to IV-D use, andI did not transferto the CSED under the supervision of Defendant CRISTELLOany rights to control that use: and Third, whenever the public needs require, the public may take it upon due compensation. Budd v. the People of the State of New York. 143 U.S. 517.

## FACTUAL BACKROUND

3

Under the state plan, 45 C.F.R. §303.11(a) requiredDefendant CRISTELLO toestablish a system for case closure. Defendant CRISTELLO under the plan was and is 100% responsible for institutingthe consistent Commonwealth policy on the appropriateness of closing cases relying solely on the above federalrequirements.

On February 23, 2023, Plaintiff Rey throughdue process of law served DefendantCRISTELLOvia process server with a notarized45 C.F.R. § 303.11(a)(12)case closure request based on the fact that I am a non IV-A recipient of services who requests closure of services, and there is no **assignment** to the DOR for medical support under 42 C.F.R. § 433.146 or of arrearages which accrued under any alleged order.

Defendant CRISTELLO was afforded (10) ten 45 C.F.R § 32.2business days to comply with the 45 C.F.R. § 303.11(a)(12)closure request of IV-D security interest # 10W0330;10W0331; and10WD0712; Cease and desist from garnishing my honestly acquired income; Remove any negative reports against my credit historyand; Refund me $80,500.00 in full at 12% interest.Wherefore, by Defendant CRISTELLO failed to comply with federal regulations as required under 42 C.F.R. § 303.107(c) that resulted in the deprivation of my Fourth, Fifth, Thirteenth, and Fourteenth Amendment Rights secured.See Exhibit A.

## LIABILITY AGAINST MICHELE CRISTELLO

At all times relevant pursuant to the 45 C.F.R. § 303.100 withholding of Plaintiff Rey's honestly acquired incomeDefendant officer de facto CRISTELLOacted coramnon judice and distinguished from an officer de jure, the designation of one who is in the actual possession and administration of the office, under some colorable or apparent authority, although his title to the same, whether by election or appointment, is in reality invalid or at least formally questioned.Black's Law.p.1235.

At all times relevant Defendantofficer de factoCRISTELLOsupervised the unconstitutional 45 C.F.R. § 303.100 withholdingof Plaintiff Rey's honestly acquired

4

income pursuant to 42 U.S.C. § 659(a)Consent to support enforcementin like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding and to any other legal process brought, by a Commonwealth agency administering the program under a State plan approved under this part.

At all times relevant Defendantofficer de factoCRISTELLO withheld Plaintiff Rey's honestly acquired income pursuant to 42 U.S.C. § 659(b)Consent to Requirements Applicable to Private Personin that respect to notice towithhold Plaintiff Rey's income under (a)(1) or (b) of § 666 of the title, or any other order or process to enforce support obligations against Plaintiff Rey, each governmental entity specified in subsection (a) shall be subject to the same requirements as would apply if the entity were an (i)(4) private person, who does not have sovereign or other special immunity or privilege which causes the person not to be subject to legal process.

## THE COMMONWEALTH OR THE CSED ARE NOT SOVEREIGN

Sovereigntyis the supreme, absolute, and uncontrollable power by which any independent state is governed. Paramount control of the Constitution and the international independence of a state, combined with the right and power of regulating its internal affairs without foreign dictation.*Chisholm v. Georgia*, 2 Dall. 455, 1 L.Ed. 440.

*Pennhurst*, 451 U.S. at 17, 101 S.Ct. at 1540, 67 L.Ed.2d at 707provided that when Congress fixes the terms on which it disburses federal money to the state, is in the nature of a contract: in return for federal funds, the Commonwealth agreed to comply with federally imposed conditions.The legitimacy of Congress' power to legislate under the spending power thus rests on whether the State voluntarily and knowingly accepts the terms of the "contract." There can, of course, be no knowing acceptance if a State is unaware of the conditions or is unable to ascertain what is expected of it. Accordingly, if Congress intends to impose a condition on the grant of

federal moneys, it must do so unambiguously. *Wehunt v. Ledbetter*, 875 F.2d 1558, 1564 (11th Cir. 1989).

Herein conditionsarethe future and uncertain event upon the happening of which is made to depend on the existence of an obligation, or that which subordinates the existence of liability under a contract to a certain future event. Standard *Surety & Casualty Co. v. Wynn,* Tex.Civ.App., 172 S.W.2d 789, 792;*Barber Asphalt Paving Co. v. St. Louis Cypress Co.,* 121 La. 152, 46 So. 193, 197.

Pursuant to 19 Corpus Juris Secundum (C.J.S.), Corporations §883the United States government is a foreign corporation with respect to this Commonwealth.And"although Commonwealth participation in the Social Security Act itself is mandatory, participation by theCommonwealthin the IV-D program is voluntary." *Wehunt v. Ledbetter*, 875 F.2d 1558, 1563 (11th Cir. 1989).

Wherefore, under the current 31 U.S.C. § 6305 contract this Commonwealth nor the federally outsourced CSED operating therein hasparamount control of the Constitutionor international independence, combined with the right and power of regulating its internal IV-D affairs without the foreignOCSE within the U.S. DHHS'sdictation and has voluntarily and knowingly waived sovereignty provided by*Chisholm v. Georgia, 2 Dall. 455, 1 L.Ed. 440.*

### DEPRIVATION OF RIGHTS WASPREMEDITATED

At all times relevant Defendantofficer de factoCRISTELLO acted under a state plan, the statement submitted to the foreign federal OCSE describing the nature and scope of how she would collect IV-D payments from Plaintiff Rey, and giving assurance to OCSEthat payments will be collectedfrom mein conformity with the specific requirements stipulated in title IV-D through applicable official issuances of the Secretary of the U.S. DHS not the legislatureof theMassachusetts Commonwealth.

### CSEDSTATUTORYBACKROUND

Pursuant to 42 U.S.C. 652(a) the detached and disconnected OCSE is the federal government agency that oversees the national IV-D program. Under the leadership of the Commissioner, OCSE helps IV-D agencies [["IN"]] states. See also 45 C.F.R § 301.1 IV-D agency *i.e.* [CSED] means the alone, detached and disconnected organizational unit [["IN"]] the Commonwealth that has the responsibility for administering and supervising the State plan under title IV-D of the Act.

The Secretary of the U.S. DHHS pursuant to 42 U.S.C. §654(3) not the Massachusetts Commonwealth, required the establishment of the alone, detached, and disconnected organizational unit [["IN"]] the Commonwealth hereafter the Child Support Enforcement Division, placed within the DOR umbrella agency and is now employer to 45 C.F.R. § 302.34 agency contractors who work under 45 C.F.R. § 303.107 fixed contract term assignments to provide IV-D collection enforcement services.

## MICHELE CRISTELLO'S RESPONSIBILITY

45 C.F.R. § 302.12 (3) provides if Defendant CRISTELLO delegates any of the functions of the IV-D program to any other Commonwealth or local agency or official, or any official with whom a contract as described in 45 C.F.R. § 302.34 has been entered into or purchases services, Defendant CRISTELLO shall have responsibility for securing compliance with the requirements of the State plan by such agency or officials.

## MICHELE CRISTELLO'S IV-D COLLECTIONS CUSTOMS

To profit the CSED and herself, Defendant officer de facto CRISTELLO submitted her plan c/o the CSED operating in this Commonwealth to collect IV-D payments from Plaintiff Rey which contained all information necessary for the federal OCSE to approve that plan in the absence of the Fifth and Fourteenth Amendment due process as well as 45 C.F.R. § 301.100(6) procedural due process requirements by the various techniques Defendant CRISTELLO use to collect IV-D payments from Plaintiff Rey in order to receive 42 U.S.C. §658(f) profits.

7

## MICHELE CRISTELLO'S IV-D BACKROUND

To maximize incentives and profit from 45 C.F.R. § 303.100 wage withholding and various other IV-D collection techniques, MICHELE CRISTELLO was appointed as Director of the Region 1 CSED on the basis of her IV-D enforcement training, she demonstrated IV-D collection ability, she possessed IV-D collection experience, and she exemplified IV-D leadership in the organized IV-D collection racket.

Under the state plan, Defendant officer de facto CRISTELLO is responsible for the 45 C.F.R. § 303.100 procedures under the IV-D income withholding technique consistent with IV-D of the Act. No other local or state agency had or has any authority over her decision, or her IV-D enforcement collection racket to maximize profits.

In order to minimize any disruption of IV-D collections, Defendant officer de facto CRISTELLO capitalized on her collection expertise and contracted muscle hereafter County Courts and Sheriffs to create a IV-D collection racket to the fullest extent possible. Under the current title 31 U.S.C. chapter 63 contract and title 45 code of federal regulations, Defendant officer de facto CRISTELLO strived for clarity of the current IV-D language that is clearly designed to be understood only by those participating in the IV-D enforcement collections racket, subject to federal 45 C.F.R. § 301.100(6) procedural due process requirements.

## MICHELE CRISTELLO'S IV-D PROCEDURAL DUE PROCESS REQUIREMENTS

45 C.F.R. § 301.100(6) is unambiguous in that the withholding or any other 42 U.S.C. §659(a)(b)(i)(4) IV-D activity was to be carried out in full compliance with all procedural due process requirements of the Commonwealth. Because the CSED is in fact outsourced by the federal OCSE Defendant officer de facto CRISTELLO acted in such a way that denied Plaintiff Rey of my **Fifth and Fourteenth Amendment due process as well as title 45 regulated procedural due process** requirements.

## LEGAL STANDING

8

Pursuant to 42 U.S.C. § 1983 Defendant MICHELE CRISTELLO under color of 42 U.S.C. § 651, title 45 Code of FederalRegulations, customs, and usage of this Commonwealth, and Territorysubjected, and caused Plaintiff Rey to be subjectedwithin the jurisdiction thereof to the deprivation of his Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights, privileges, and immunities secured by the Constitution and laws, and she is now be liable to Plaintiff Rey who was injured byher action at law, suit inequity, or other proper proceeding for redress.Based upon knowledge, information, and factual belief derived therefrom, alleges, complains, and states as follows:

## COUNT 1
### FOURTH AMENDMENT VIOLATIONS
### AGAINST MICHELE CRISTELLO

The Fourth Amendmentprovides the right of the Plaintiff to be secure in his persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Under the plan, Defendant CRISTELLO by customandusage performed unreasonable searches and seizures to obtain Plaintiff Rey's confidential information without my knowledge and moreover, my consent in order secure the wage withholding under 45 C.F.R. § 301.100, through 453A (b) State Directory of New Hires, Part D of title IV (42 U.S.C. §§651669). Plaintiff Rey was never afforded and the thus deprived of his right to defend his property as required by law resulting in significant pecuniary loss of $80,500.00.

Accordingly, each employer shall furnish to the Directory of New Hires of the State in which a newly hired employee works, a report that contains the name, address, and social security number of the employee, and the name and address of, and identifying number assigned under section 6109 of the Internal Revenue Code of 1986 to, the employer. See also 42 U.S.C. § 653 (FPLS).

In depriving Plaintiff Rey of this rights, Defendant CRISTELLO committed the unlawful search for his employer and seizure of his honestly acquired income under color of federal and state non positive statues in bad faith and with malicious purpose in reckless wanton, and willful disregard of Plaintiff Rey's Fourth Amendment right, to be secure in my person and papers and against the unreasonable seizure of my property.

## COUNT 2
### FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS VIOLATIONS AGAINST MICHELE CRISTELLO

In the U.S. Constitution, the phrase "due process" appears twice: in the Fifth Amendment and in the Fourteenth Amendment. Both Amendments guarantee due process when Plaintiff is denied life, liberty, or "property."

45 C.F.R. § 301.100(6) is unambiguous in that the withholding was to be carried out in full compliance with all procedural due process requirements of the State, because the Defendant CRISTELLO as the Director of the CSED outsourced by the federal OCSE within the U.S. DHHS acted in such a way that denied Plaintiff of life, liberty, or property interest. Plaintiff was never given proper notice of his opportunity to be heard for a decision by a neutral decision-maker of the Judicial system prior to withholding procedures.

45 C.F.R. § 301.100 procedures for wage withholding (4) provides that "In the case of a support order being enforced under the State plan, the withholding must occur without the need for any amendment to the support order involved or any other action by the court or entity that issued it other than that required or permitted under this section.

Plaintiff Rey received an OMB form 0970-0154 from his employer, however within the four corners of the form was no procedural due process for Plaintiff to obtain an unbiased tribunal; No notice of the proposed action and the grounds asserted for it; No opportunity to present reasons why the proposed action should not be taken; My right to present evidence, including my right to call witnesses;

10

Myright to know opposing evidence; My right to cross-examine adverse witnesses; A decision based exclusively on the evidence presented; My opportunity to be represented by counsel; The requirement that the tribunal prepare a record of the evidence presented; The requirement that the tribunal prepare written findings of fact and reasons for its decision.Plaintiff was provided no procedure for promptly terminating withholding and no such procedure exist on the form.

Pursuant to 45 C.F.R.§ 301.10, and§ 301.100(6) the DefendantCRISTELLO conspired to interfere and violate the Plaintiff Rey's right to due process guaranteebased on DefendantCRISTELLO's obligationto federal regulations to collect IV-D payments from Plaintiff Rey. DefendantCRISTELLO through IV-D customs and usage did effectuate the wage withholding collection technique against my honestly acquired income. DefendantCRISTELLO accomplished withholding my income through OMB-approved form 0970-0154 by regular mail to Plaintiff Rey's employer in violation of Article I. Section 9. Clause 3.

Noncompliancewith45 C.F.R. § 301.100(6) deprived Plaintiff Rey of this right to be secure, thus resulting in Defendant CRISTELLOcommitting the unlawful denial of due process under color of federal and state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff Rey's Fifth and Fourteenth Amendment right to due process and did deny Plaintiff Rey Due Process.

### COUNT 3.
### VIOLATION OF THIRTEENTH AMENDMENT
### INVOLUNTARY SERVITUDEAGAINST MICHELE CRISTELLO

It is well settled that there shall be "Neither slavery nor involuntary servitude, except as a punishment for a crime whereof the party shall have been duly convicted" *Butler v. Perry*, 240 U.S. 328 (1916).

However, in General.Section 466(a) (42 U.S.C. §666(a), (15) Procedures to ensure that persons owing past due support work or have a plan for payment of such support:(A)(ii) if the individual is subject to such a plan and is not

11

incapacitated, participate in such work activities as defined in section 407(d) as the court, or, at the option of the State, the State agency administering the State program under this part, deems appropriate.

Clearly 42 U.S.C. § 603(a)(5)(C)(III)(cc) requires an agreement or pledge by Plaintiff Rey to participate in employment or related activities that will enable the noncustodial parent to make regular payments. Plaintiff Rey made no such agreement or pledge to obtain employment for the sole purpose of DefendantCRISTELLO's ability to inflict wage withholding.

At all times relevant, the time for the labor performed by Plaintiff Reytaken by DefendantCRISTELLO pursuant to 45 C.F.R. § 301.100 was coram non judice, involuntary, against Plaintiff Rey's will and without his consent.Involuntary Servitude isthe condition of one who is compelled by force, coercion, or imprisonment, and against his will, to labor for another, whether he is paid or not. *State v. West*, 42 Minn. 147, 43 N.W. 845.

At all times relevant, the Plaintiff Rey was neither duly convicted in any Court at the time of the withholding and was immune from said and shall never undergo involuntary servitude against his will.DefendantCRISTELLO is responsible for the deprivation of the Plaintiff Rey's right to be free from involuntary servitude when she knew or should have known that it was forbidden by theFederal and State Constitutions.

DefendantCRISTELLO did violate and conspire to violate the Plaintiff Rey's right to be free from involuntary servitude by performing acts outside of the Constitution to take from Plaintiff Rey by initiating wage withholding against Plaintiff Rey's honestly acquired income when the DefendantCRISTELLO knew or should have known that what she was doing violated the law and my 13th Amendment rightfrom which Plaintiff Rey suffered loss and damages.

Because DefendantCRISTELLO's focus on generating revenue in lieu of impartially following the law, lack of training and deliberate indifference of the need to train and the unconstitutional polices, practices or customs

DefendantCRISTELLO failed to implement policies, practices that would decrease or eliminate the deprivations of the Plaintiff Rey's constitutional right to be free from involuntary servitude.

Noncompliance and the blatant disregard of thethe Thirteenthdeprived Plaintiff Rey of this rightand immunity from involuntary servitude, thus resulting in Defendant CRISTELLOsubjecting Plaintiff Rey to involuntary servitudeunder color of federal and state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff Rey's Thirteenth Amendment rightand immunity against involuntary servitude.

### COUNT 4.
### THE ACT OF DISCRIMINATIONBY MICHELE CRISTELLO

At all times relevant, despite the fact that Title VI, 42 U.S.C. § 2000d et seq., DefendantCRISTELLO discriminated against Plaintiff Rey on the basis of my genderunder IV-D program activities for incentives and profit. DefendantCRISTELLO knowingly and intentionally ignored my legitimate request for case closure on the basis that 45 C.F.R. § 303.11(a)(12) is clearly gender biased because it only allows women to request case closure, not men.

Simple justice requires that public funds, to which all men and woman contribute, not be spent in any fashion which encourages, entrenches, subsidizes, or results in racial, color or national origin discrimination.Title VI itself prohibits intentional discrimination of any kind. However, it is clear that DefendantCRISTELLO Director of CSED outsourced by the federal OCSE within the U.S. DHHS *i.e.* the funding agency have no regulations implementing Title VI that prohibit practices that have the effect of discrimination on the basis of gender *i.e.* man and woman.

DefendantCRISTELLOunder color of federal and state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff Rey's right and immunity against discrimination based on his gender under the current IV-D security interest.

13

## COUNT 5.
### DENIAL OF FOURTEENTH AMENDMENT EQUAL PROTECTION OF THE LAWS AGAINST MICHELE CRISTELLO

**It is well settled that** that no State shall deny to any person within its jurisdiction the equal protection of the laws. Defendant CRISTELLO knowingly and intentionally ignored my legitimate request for case closure on the basis that 45 C.F.R. § 303.11(a)(12) only allows the women attached the IV-D security interest who request case closure, not Plaintiff Rey a man thus violating and depriving me of my Fourteenth Amendment right to equal protection under the laws.

At all times relevant pursuant to 45 C.F.R. 303.107(c) Defendant CRISTELLO did violate and deprive Plaintiff Rey's right to equal protection under the laws by knowingly and intentionally ignoring and discarding my legitimate request for case closure because Defendant CRISTELLO knew or should have known that what she was doing violated the law and my 14th Amendment right to equal protection of the laws from which Plaintiff Rey now suffered loss and damages.

Defendant CRISTELLO under color of federal and state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff Rey's Fourteenth Amendment right to equal protection of the laws.

## COUNT 6.
### INTENTIONAL INFLICTION OF BILLS OF PAINS AND PENALTIES AGAINST MICHELE CRISTELLO

In the United States, bills of attainder i.e. bill of pains and penalties are unconstitutional as stated in Article 1 Section 9 Clause 3 of the U.S. Constitution and Part the First Article XXVIII Constitution for this Commonwealth. Under IV-D of the Act a bill of pains and penalties was the act of the U.S. Congress allowing Defendants to declare obligors i.e. non-custodial parent guilty of not paying. The most profitable and commonly used bill of pains

14

and penalties inflicted upon Plaintiff Rey by Defendant CRISTELLO was 45 C.F.R. § 303.100 administrative wage withholding coram non judice.

The constitutional ban bill of pains and penalties works to uphold separation of powers principles by preventing Congress from assuming the functions of the judicial branch. 45 C.F.R. § 303.100 are the acts of the Federal and State legislature declaring persons commonly referred to as *obligors*, or the group of people hereafter 42 U.S.C. § 666(a)(3)(C) noncustodial parents, guilty of not paying the CSED supervised by DefendantCRISTELLO and taking from them without Fifth Amendment just compensationcoram non judice.

Pursuant to 45 C.F.R. § 307.10 computerized support enforcement systems DefendantCRISTELLO did violate and conspire to violate Article1 Section 9, clause 3 of the U.S. Constitution and Part the First ArticleXXVIII Constitution for this Commonwealthby knowingly and intentionally inflicting bills of pains and penalties through wage withholding when the Defendant knew or should have known that what she was doing was prohibited resulting in Plaintiff Rey sufferingloss and damages as result thereof.

DefendantCRISTELLOunder color of federal and state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff Rey's Article 1 Section 9 Clause 3 immunity from bills of pains and penalties.

## PRAYER FOR RELIEF

WHEREFORE, on the basis of the deprivation of rights under color of law, the Plaintiff Rey respectfully requests that this Court:

(1). Assume jurisdiction over this action.
(2). Award closureof IV-D security interest 10W0330;10W0331; 10WD0712 with zero dollar amountof arrears.
(3). Order Defendant CRISTELLO to refund my honestly acquired income of $87,500.00 unlawfully taken under 45 C.F.R. § 303.100 since my compelled participation in the IV-D program to present.
(4). Award accounting for 12% interest on my honestly acquired income of $87,500.00 unlawfully taken since my compelled participation in the IV-D programto present.

(5). Award compensatory, punitive, and other damages against Defendant for violating Plaintiff's rights secured under the Constitution in an amount of $85,500.00 or amount to be determined by a jury.

(6). Award reasonable attorney's fees, expenses, and costs of this litigation pursuant to 42 U.S.C. § 1988 to the Plaintiff Rey.

(7). Award such other and further relief as this Honorable Court deems just and proper.

(8). A jury trial is demanded.

Dated this 22nd of March 2023

Respectfully Submitted

*/s/ Jaime Rey*

Jaime: Rey
Sui Juris
c/o 377 Willard Street #255
Massachusetts Commonwealth, Quincy
Non-Domestic, Real Land North America