UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAIME REY, <br><br> Plaintiff, <br><br> v. <br><br> MICHELE CRISTELLO <br><br> Defendant. | C.A. 1:23-CV-10613-JGD |

### DEFENDANT MICHELE CRISTELLO'S MEMORANDUM
### IN SUPPORT OF HER MOTION TO DISMISS

Pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Michele Cristello ("Defendant" or "Defendant Cristello") respectfully moves to dismiss *pro se* Plaintiff Jaime Rey's Complaint.[1] Plaintiff's Complaint alleges various constitutional and federal claims against Defendant Cristello, the Deputy Commissioner for the Child Support Enforcement Division of the Massachusetts Department of Revenue ("CSED"), arising from an order from a state Family and Probate Court concerning child support payments. Plaintiff's Complaint should be dismissed for several reasons. First, the Complaint is barred by the *Rooker-Feldman* doctrine and domestic relations exception to jurisdiction as it seeks judicial review of a state court judgment

---

[1] It is unclear if Defendant is sued in her official or individual capacity. *See e.g.* Compl. p. 1 (asserting that Defendant is "named and sued as officer de facto…in her capacity of private person at all times") and p. 5 (arguing that the "Commonwealth" and CSED "are not sovereign"). Any official capacity claims are claims against the Commonwealth. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 59 (1989) ("A suit against state officials in their official capacities is not a suit against the officials but rather is a suit against the officials' offices and, thus, is no different from a suit against the State itself.").

1

involving custody issues. Second, to the extent the Complaint can be read to sue Defendant Cristello in her official capacity, any civil rights claims are barred by Eleventh Amendment Immunity. Third, Plaintiff's Title VI claim must be dismissed for failure to allege any discrimination based on race. Finally, to the extent Defendant Cristello is sued in her individual capacity, those claims should be dismissed for Plaintiff's failure to state a claim and because she is entitled to qualified immunity.

## STATEMENT OF FACTS[2,3]

At its core, the Complaint seeks review of Plaintiff's child support obligations pursuant to a divorce judgment in a state Family and Probate Court divorce case, *Jaime Rey v. Charlotte Southern*, Norfolk County Docket No. NO10D0712DR (the "State Case"). *See* State Case docket, attached herein as "Exhibit A."

Plaintiff filed the Complaint on March 21, 2023. The 18-page Complaint consists of incomprehensible claims and is difficult to understand. *See generally* Complaint ("Compl."). In it, Plaintiff appears to claim that his constitutional rights were violated under the Fourth, Fifth, Thirteenth, Fourteenth, and Fifteenth Amendments and Article 1 of the United States Constitution by Defendant's enforcement of a Child Support Order in the State Case. *Id.*, pp. 9-15[4]. Plaintiff also claims a violation of Title VI, 42 U.S.C. § 2000d, *et seq. Id.*, Count 4.

---

[2] The Commonwealth assumes that the factual allegations are true for the purposes of this motion to dismiss only.

[3] The facts are drawn from the Complaint and where expressly noted, from other materials that may be considered in determining a Rule 12(b)(6) motion, such as court records in related proceedings. *Kilnapp Enterprises, Inc. v. Mass. State Auto. Dealers Ass'n*, 89 Mass. App. Ct. 212, 213 (2016); *Schaer v. Brandeis University*, 432 Mass. 474, 477 (2000); *Brookline v. Goldstein*, 388 Mass. 443, 447 (1983).

[4] Plaintiff's Complaint fails to state his claims in numbered paragraphs limited to a single set of circumstances as stated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(b); Compl., generally. To limit confusion, Defendant cites to the Complaint by the page number listed on the bottom of each page.

The State Case commenced in 2010. *See* Exhibit A. A Judgement of Divorce ("State Judgment") was finalized on September 24, 2010. *See* Exhibit A. Over the next few years, the Judgement was modified four times to include changes in child support. *Id*. In 2014, Plaintiff stopped making child support payments. *Id.* Consequently, CSED took steps to enforce and collect the past-due payments. *Id.* On March 22, 2023, one day after Plaintiff filed this Complaint, Plaintiff moved for a fifth modification of his child support obligations under the Judgment. *Id*. That same day, the Family and Probate Court entered a judgement that automatically disposed of Plaintiff's action because the "auto dispose rules outlined by DRAP [the Massachusetts Department of Research and Planning] are: subsequent action must be filed between 1/1/2008 and 12/31/2018 where the status is Active and there is a judgment specific to the subsequent action entered after the subsequent file date." *Id.*

## STANDARD OF REVIEW

### A. Rule 12(b)(1)

Fed. R. Civ. P. 12(b)(1) is the proper vehicle when sovereign immunity is raised. *See Bradley v. Cruz*, No. 1:13-CV-12927-IT, 2017 WL 3443212, *1 (D. Mass. Aug. 10, 2017), citing *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001). On a Rule 12(b)(1) motion to dismiss, Plaintiff has the burden to prove jurisdiction by a preponderance of evidence. *See Taite v. Bridgewater State University*, 236 F.Supp.3d 466 (2017). If Plaintiff cannot, the Court "must grant the motion to dismiss." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007). As with a Rule 12(b)(6) motion to dismiss, the well-pleaded facts and reasonable inferences in the Complaint are taken as true in Plaintiff's favor. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995).

**B. Rule 12(b)(6)**

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff's Complaint must state a "plausible, not a merely conceivable" claim for relief on its face. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court accepts well-pleaded facts and reasonable inferences as true in Plaintiff's favor, but disregards "legal conclusion[s] couched as fact[ ]" and "[t]hreadbare recitals of the elements of a [claim]." *Id*.; s*ee Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (dismissal appropriate where complaint does not plead factual allegations that support each material element of a claim). Though a *pro se* plaintiff's pleadings are construed more favorably, the plaintiff must still comply with procedural and substantive law. *Burnham v. Wyeth Labs Inc.*, 353 F.Supp.3d 140, 143 (D. Mass. 2019). *See Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977) ("courts need not conjure up unpleaded facts to support [a *pro se* plaintiff's] conclusory suggestions").

## ARGUMENT

**I. The Court Lacks Jurisdiction Over the Complaint Under the *Rooker-Feldman* Doctrine and the Domestic Relations Exception to Jurisdiction.**

Plaintiff's Complaint essentially seeks review of a state court order concerning custody and child support obligations. As such, this Court lacks jurisdiction over Plaintiff's Complaint on two bases – the *Rooker-Feldman* doctrine ("*Rooker-Feldman*") and the domestic relations exception to jurisdiction.

**A. The *Rooker-Feldman* Doctrine Applies to the Complaint.**

Under *Rooker-Feldman*, federal courts lack jurisdiction over complaints that invite review and reversal of unfavorable state court judgments against plaintiffs.

*Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005); *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) *(Rooker-Feldman* bars a losing party in state court proceedings from seeking appellate review of the state court judgment in the United States District Court); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* applies whether a plaintiff explicitly or implicitly seeks federal review of a state judgment. *See Federacion de Maestros supra,* 410 F. 3d at 24; *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999) (*Rooker-Feldman* applies to any claims "inextricably intertwined" with decisions made in state court proceedings).

In the present Complaint, Plaintiff asks that this Court "assume jurisdiction over this action" and reverse or modify his child support obligations pursuant to the State Judgment. *See* Compl. p. 15, Prayer for Relief (requesting a declaratory judgment from this Court that Plaintiff should be refunded the child support payments he made to the date of the Complaint, $87,500 plus interest). Because Plaintiff's Complaint attempts to seek review of judgments that are unfavorable to him in the State Case, the *Rooker-Feldman* doctrine applies. *See Pierre v. Cristello*, CV 17-30105-KAR, 2017 WL 4768006, at *2 (D. Mass. Oct. 3, 2017) (*Rooker-Feldman* "properly applied where, regardless of how the claim is phrased, the only real injury to [plaintiff] is ultimately still caused by a state court judgment.").

Thus, this Court lacks jurisdiction over Plaintiff's claims and the Complaint must be dismissed. *See Gray-Bey v. 42 U.S. Code 654(3) Massachusetts Dept. of Revenue Child Support Enforcement Div.*, CV 20-12042-DJC, 2021 WL 8323638, at *4 (D. Mass.

Mar. 17, 2021) (*Rooker-Feldman* applies to "[c]hild support matters and issues surrounding the enforcement of child support").

    **B. The Court Should Abstain From and Dismiss the Complaint Based on the Domestic Relations Exception to Jurisdiction.**

In addition to *Rooker-Feldman*, this Court has repeatedly abstained from cases that involve family-related matters, including those related to child custody and support, based on the domestic relations exception to jurisdiction. *See e.g. Ellis v. Nesi*, CV 16-10855-DJC, 2016 WL 3166393, at *3 (D. Mass. June 6, 2016); *DeFeudis v. DeFeudis*, CA 10-12214-GAO, 2011 WL 130334, at *1, *5 (D. Mass. Jan. 13, 2011); *Coates v. Dept. of Econ. Sec. Child Protective Services*, CIV.A. 12-12301-RGS, 2012 WL 6195814, at *6 (D. Mass. Dec. 11, 2012).

The domestic relations exception "divests the federal courts of power to issue [or alter] divorce, alimony, and child support decrees." *DeFeudis*, 2011 WL 130334 at *5 citing to *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) and *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003). The rationale behind the exception is that state courts "have developed the proficiency and specialized resources necessary to handle such cases." *Coates v. Dept. of Econ. Sec. Child Protective Services*, CIV.A. 12-12301-RGS, 2012 WL 6195814, at *6 (D. Mass. Dec. 11, 2012); *Ankenbrandt*, 504 U.S. at 703. The exception typically applies to diversity jurisdiction cases, but this Court has taken the position that the underlying rationale applies equally to family-related matters where diversity jurisdiction is not an issue. *Scholwin v. Spence*, CV 07-11937-JLT, 2008 WL 11511609, at *6 (D. Mass. Apr. 23, 2008); *see Elias v. Elias*, CA 13-11602-JLT, 2013 WL 3777069, at *8 (D. Mass. July 15, 2013) (presence of family-related matters "argues strongly for the propriety of total abstention"); *Coates v. Dept. of Econ. Sec.*

*Child Protective Services*, CIV.A. 12-12301-RGS, 2012 WL 6195814, at *7 (D. Mass. Dec. 11, 2012) (noting that "[t]he First Circuit has stated that even if a case is not strictly fit for the application of the domestic relations exception, principles of comity would still make abstention appropriate.") citing *Armstrong v. Armstrong*, 508 F.2d 348 (1st Cir. 1974) and *Sutter v. Pitts*, 639 F.2d 842, 843 (1st Cir. 1981).

Here, Plaintiff's Complaint puts the family-related issue of child support before this Court, seeking relief from his child support obligations in the State Case. Thus, the domestic relations exception or its rationale applies to the Complaint. This Court should therefore abstain from and dismiss the Complaint, consistent with its past decisions in cases involving child support and other family-related matters. *See DeFeudis*, 2011 WL 130334, at *1 (dismissing complaint, which asked this Court to "erase" past due child support and to be reimbursed for payments made in the state family court, because plaintiff's "resort to [this] Court to obtain relief he cannot get in the Family Court cannot be sanctioned'); *see e.g. Ellis*, 2016 WL 3166393, at *3; *Coates*, 2012 WL 6195814, at *6.

II. **The Eleventh Amendment Bars Plaintiff's Civil Rights Claims Against Defendant Cristello in Her Official Capacity.**

To the extent Plaintiff seeks to allege civil rights claims under 42 U.S.C. § 1983 against Defendant Cristello in her official capacity they are barred by the Eleventh Amendment.[5]

---

[5] Plaintiff's Complaint purports to brings claims directly under the Fourth, Fifth, Thirteenth, Fourteenth, and Fifteenth Amendments and Article 1 of the United States Constitution.  A litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but rather must utilize 42 U.S.C. § 1983. *Lozana v. Suffolk Sup. Ct.*, No. 14-13123-FDS, 2015 WL 5684071, at *4 (D. Mass. Sept. 28, 2015).

A suit against an official in her official capacity is no different than a suit against the state itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 59 (1989). The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment also bars suits brought for money damages in federal court against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). In the absence of consent or abrogation, the Eleventh Amendment prohibits a federal court case in which the state or one of its agencies or departments is the named defendant. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

It is well settled that Congress did not abrogate, nor has the Commonwealth waived, its Eleventh Amendment immunity for civil rights claims brought under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity…"); *Coggeshall v. Mass. Bd. Of Registration of Psychologists*, 604 F.3d 658, 662 (1st Cir. 2010) (holding Massachusetts state board of registration of psychologists, as arm of state government, enjoyed Eleventh Amendment immunity from § 1983 suit seeking money damages). Moreover, the Supreme Court has made clear that neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983. *Will*, 491 U.S. at 71. Accordingly, Plaintiff's claims for various

constitutional violations pursuant to 42 U.S.C. § 1983 must be dismissed against Defendant Cristello in her official capacity.

### III. The Complaint Fails to State a Claim for Which Relief Can Be Granted.

Even if this Court had jurisdiction over Plaintiff's Complaint, which it does not, the Complaint must still be dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6).

### A. Plaintiff's Complaint Fails to Allege that Defendant Cristello Deprived Him of Any Right Secured Under the Constitution Sufficient to State a Claim under 42 U.S.C. § 1983.

To the extent the Complaint seeks to allege claims under 42 U.S.C. § 1983 against Defendant Cristello in her individual capacity those should be dismissed. To bring a claim for monetary damages pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some "person" acting under color of law deprived him of any rights, privileges or immunities secured by the Constitution and federal law. 42 U.S.C. § 1983. The Complaint does not come close to sufficiently alleging any § 1983 claim. It is devoid of any well-pleaded facts that plausibly suggest any wrongdoing by Defendant Cristello. In particular, Plaintiff fails to put forth any factual allegations plausibly suggesting that Defendant, the Deputy Commissioner of CSED, even personally knew, interacted with, or personally took any "direct, affirmative action" that violated Plaintiff's constitutional rights. *See Ashcroft*, 556 U.S. at 676 (in a civil rights action, plaintiff must plead that each Government-official defendant, through the official's own direct, affirmative actions, violated the Constitution); *Gray-Bey*, 2021 WL 8323638, at *2 (dismissing constitutional claims for failure to state a claim where plaintiff's allegations consisted primarily of legal terminology and conclusory statements).

To the extent Plaintiff attempts to attach civil rights liability to Defendant Cristello simply due to her role as a supervisor overseeing DOR's Child Support Enforcement Division, any such claims similarly fail. It is well settled that a supervisor's liability under a § 1983 claim cannot be predicated simply upon the theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 696 n. 58 (1978); *Ramirez-Lluveras v. Rivera-Merced*, 759 F.3d 10, 19 (1st Cir. 2014) ("[T]he tort theory of respondeat superior does not allow imposition of supervisory liability under § 1983."). A supervisor "may be found liable only on the basis of her own acts or omissions." *Figueroa v. Aponte Roque*, 864 F.2d 947, 953 (1st Cir. 1989). These acts or omissions must constitute not "mere negligence" but "amount to a reckless or callous indifference to the constitutional rights of others." *Snell v. DeMello*, 44 F. Supp. 2d 386, 390 (D. Mass. 1999), *quoting Febus–Rodriguez v. Betancourt–Lebron*, 14 F.3d 87, 92 (1st Cir. 1994). In addition, there must be an "affirmative link" between the employee's misconduct and the action, or inaction, of the supervisor. *Feliciano–Hernández v. Pereira–Castillo*, 663 F.3d 527, 533 (1st Cir. 2011). Courts have consistently found that this showing of causation must be a strong one, as that requirement "contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." *Hegarty v. Somerset Cnty.*, 53 F.3d 1367, 1380 (1st Cir. 1995) (emphasis added).

Plaintiff's allegations against Defendant Cristello fail to satisfy these strict standards to state a claim for supervisory liability under § 1983. At best, the Complaint appears to suggest that Defendant should be held responsible for any alleged constitutional violations because of her position of Deputy Commissioner of CSED, but that theory has been repeatedly rejected as a matter of law. *See, e.g.*, *Feliciano-

*Hernandez*, 663 F.3d at 535 (civil rights claims against senior officials cannot proceed where complaint does not demonstrate how any of them had "individual notice that plaintiff's incarceration . . . was a violation of his constitutional rights, much less that there was an affirmative link to them or that they were deliberately indifferent to those notices of alleged violations"); *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 38-39, 49-50 (1st Cir. 2009) (allegations that senior government officials were "responsible for ensuring that the correctional officers under their command followed [certain] practices and procedures . . . and that they failed to do so with deliberate indifference and/or reckless disregard of Plaintiff's federally protected rights" were insufficient to support a § 1983 claim); *Cavitt v. Massachusetts Dep't of Corr.*, 512 F.Supp.3d 149, 154 (D. Mass. 2021) (dismissing civil rights claims against DOC officials where "no factual allegation indicat[ing] that any of the individual…defendants were in any way associated with the decision[s]" made concerning the plaintiff's confinement).[6]

B. **Plaintiff's Complaint Fails to State a Claim Under Title VI.**

Plaintiff's Complaint also purports to allege a claim against Defendant Cristello under Title VI. Any such claim should also be dismissed for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6).

Title VI prohibits discrimination "on the ground of race, color, or national origin" "under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. As an initial matter, any Title VI claim against Defendant Cristello in her

---

[6] With respect to Plaintiff's due process claims, those claims are also barred here where there are post-deprivation remedies available under state law. *Lu v. Emergency Shelter Comm'n of City of Boston*, 2 F. App'x 12, 14 (1st Cir. 2001) (a "procedural due process claim is not actionable unless, inter alia, no adequate 'post-deprivation remedy' is available under state law") (quoting *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994)). Here, the Complaint alleges that Plaintiff engaged in state court proceedings regarding custody and child support orders. Because such state law remedies and procedures were and are available to him, Plaintiff's federal due process claim is simply not actionable.

individual capacity must be dismissed because there is no individual liability under Title VI. *Bray v. Worcester Polytechnic Institute*, 596 F. Supp. 3d 142, 156 n.19 (D. Mass. 2022). Any such claim against Defendant Cristello in her official capacity should also be dismissed for failure to state a claim. To establish a Title VI claim, a plaintiff must show, *inter alia*, that the defendant discriminated against him on the basis of race, that the discrimination was intentional, and that the discrimination was a substantial or motivating factor for the defendant's actions. *Bray*, 596 F. Supp. 3d at 156. Plaintiff's Complaint contains absolutely no factual allegations about race. Instead, Plaintiff alleges that Defendant Cristello discriminated against him "on the basis of [his] gender." Complaint, Count 4. Discrimination on the basis of gender is simply not cognizable under Title VI. Accordingly, Plaintiff's claim under Title VI must be dismissed. *See* 42 U.S.C. § 2000d; *Bray*, 596 F. Supp. 3d at 156.

## IV. Defendant Cristello is Entitled to Qualified Immunity.

The claims are further subject to dismissal because Defendant Cristello is entitled to qualified immunity. The qualified immunity doctrine shields state officials from suit when their conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see also Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). A plaintiff must satisfy two prongs to overcome a qualified immunity defense: (1) whether the facts make out a violation of a statutory or constitutional right; and (2) if so, whether the right was "clearly established" at the time of the violation. *Rocket Learning, Inc. v. Rivera-Sanchez*, 715 F.3d 1, 8 (1st Cir. 2013). Courts need not address both prongs if the

plaintiff fails to satisfy one of them. *See Eldredge v. Town of Falmouth*, 662 F.3d 100, 105-107 (1st Cir. 2011).

Here, Defendant Cristello is entitled to qualified immunity because Plaintiff has not met either prong of the two-part test. For the reasons in Section III, *supra*, Plaintiff has not made out any plausible violation of any constitutional right by Defendant. Even if he had, Plaintiff would still be unable to point to any "clearly established" law that would have been sufficient to put Defendant on notice that her particular actions violated Plaintiff's civil rights. *See Dist. of Columbia*, 138 S. Ct. at 589-590 (To be "clearly established," a right must be "settled law," meaning that "it is dictated by controlling authority or a robust consensus of cases of persuasive authority[;] it is not enough if the rule is merely "suggested by then-existing precedent."); *Cryer v. Massachusetts Dept. of Correction*, 763 F. Supp. 2d 237, 251 (D. Mass. 2011) ("A right is 'clearly established' if, at the time of the alleged violation, '[t]he contours of the right ... [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'").

Leaving aside the Complaint's failure to allege how Defendant caused any violation of Plaintiff's civil rights, Plaintiff cannot point to any case law that would have clearly established that a reasonable official would understand what he or she is doing violates a constitutional right. *See Cryer*, 763 F. Supp. 2d at 251 (plaintiff bears the burden of establishing that the law was clearly established). Defendant's alleged conduct, as claimed in the Complaint, to enforce and collect on the child support obligations of Plaintiff, stem from the State Case and its orders and judgments. Thus, a reasonable official who is a Deputy Commissioner of CSED cannot reasonably be expected to understand that what he or she is doing violates any constitutional right.

For the reasons above, Defendant Cristello is entitled to qualified immunity and any and all claims against her in her individual capacity must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Cristello respectfully requests that Plaintiff's Complaint is dismissed in its entirety.

Respectfully submitted,

Defendant,
MICHELE CRISTELLO,

By her Attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Evelyn Tang*
Evelyn Tang, BBO # 669820
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
(617) 963-2905
evelyn.tang@mass.gov

Date:  June 5, 2023

## **CERTIFICATE OF SERVICE**

      I, Evelyn Y. Tang, Assistant Attorney General, hereby certify that the above Memorandum of Law in Support of Defendant's Motion to Dismiss and associated Exhibit submitted through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and a true copy will be mailed to those indicated as non-registered participants on June 6, 2023:

Jaime Rey, *pro se*
377 Willard Street, #255
Quincy, MA 02169

                                                  */s/ Evelyn Tang*
                                                  Evelyn Tang
                                                  Assistant Attorney General