FILED
IN CLERKS OFFICE

2023 JUN -5 AM 11: 06

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

Jaime: Rey )
 )
   Plaintiff )
      -vs- ) Case: C.A. 1:23-CV- 10613-JGD
 )
REGION 1IV-D AGENCY )
MICHELE CRISTELLO )
   Defendant(s) )

## MOTION TO DISQUALIFY OPPOSING COUNSEL

COMES NOW, Plaintiff Jaime Rey who moves this HonorableCourt to disqualify Attorney General ANDREA JOY CAMPBELL and her assistant EVELYN Y. TANG, BBO No. 669820 as Opposing Counsel for Defendant(s) Region 1 IV-D AGENCY as well as officer *de facto* MICHELE CRISTELLO, and in support thereof shows unto the Court the following:

### I. ARGUMENT

1.    The federal provisions described herein are not mandatory. However, in order to receive federal funds and also profit from the operation of the IV-D program by the IV-D AGENCY ["in'] this Commonwealth, the Legislature was required to *adopt* Pub. L. No. 93-647, 88 Stat. 2351 (1975), 42 U.S.C. § 651. (West Supp. 2002). Consequently, Massachusetts now has a series of statutes that mirror federal non-positive law titles and regulations.

2.    Case law proves that adopt means to accept, consent to, and put into effective operation. "Adopt should be used to apply to void transactions." *United German Silver Co. v. Bronson*, 92 Conn. 266, 102 A. 647, 648. "Adoption" of a

1

contract by one not a party thereto is of the nature of a novation. *Edwards v. Heralds of Liberty*, 263 Pa. 548, 107 A. 324, 326.

3.      Case law further proves that "novation" is a previously valid obligation, an agreement of all the parties to a new *contract*, the extinguishment of the old obligation, and the validity of the new one."*Alkire v. Acuff*, 134 Okl. 43, 272 P. 405, 406; *Tulsa Ice Co. v. Liley*, 157 Okl. 86, 10 P.2d 1090, 1091; *Cox v. Baltimore & O. S. W. R. Co.*, 180 Ind. 495, 103 N.E. 337, 342, 50 L.R.A.,N.S., 453.p.1212.

4.      Co.Litt. 210:*expressio unius est exclusio alterius*, is the maxim that provides that the mention of one thing, *i.e.* IV-D of the Act is the exclusion of another *i.e.* The Constitution for the Massachusetts Commonwealth. See Broom, Max. 651.

## II. APPLICABLE FEDERAL STATUTES AND REGULATIONS

Constitution for the United States Article VI, Clause 2: Supremacy Clause
31 U.S.C.§6305:
45 C.F.R.§ 302.34:
45 C.F.R.§ 303.107(c):
45 C.F.R. § 304.20
45 C.F.R.§ 304.22
42 U.S.C. § 651:
42 U.S.C. § 658(a) & (f)
42 U.S.C. § 659(a)(b)&(i)(4)

## III. APPLICABLE FEDERAL DEFINITIONS

1.      41 U.S.C. § 403(F) Definitions: services offered and sold competitively, in substantial quantities, in the commercial marketplace based on established catalog or market prices for specific tasks performed or specific outcomes to be achieved and under standard commercial terms and conditions.

2.      42 U.S.C. § 659(i)(4) the term "private person" means a person who does not have sovereign or other special immunity or privilege which causes the person not to be subject to legal process.

3.   42 U.S.C. § 4601 (3) The term "State agency" means any department, agency, or instrumentality of a State or of a political subdivision of a State; any department, agency, or instrumentality of 2 or more States or of 2 or more political subdivisions of a State or States, and any person who has the authority to acquire property by eminent domain under State law.

4.   45 C.F.R. § 301. The term "IV-D agency" means the single and separate organizational unit ["in"] the State that has the responsibility for administering or supervising the administration of the State plan under title IV-D of the Act.

## A: INTRODUCTION

1.   Quoting Sec. 8 IV-D Program. p.65; "the IV-D program is a *partnership* between the federal government and Massachusetts. A *partnership* is an association of two or more persons as co-owners of a business for profit. Uniform Partnership Act, § 6(1). *Schleicker v. Krier*, 218 Wis. 376, 261 N.W. 413.

2.   Pursuant to and in accordance with 45 C.F.R. § 302.34,"the IV-D plan shall provide that the IV-D AGENCY will enter into ~~agreements~~, *contracts* which are reflected in a record, under 45 C.F.R. § 303.107 of this chapter with appropriate courts; law enforcement officials, such as district attorneys, *attorneys general*, and similar public attorneys and prosecutors; corrections officials."

3.   However, on January 18, 2023, ANDREA JOY CAMPBELL was *sworn* in to be the 45th Attorney General of the Massachusetts Commonwealth, pledging to prioritize the mental health and well-being of children.

4.   The first legal issue is that the U.S. Supreme Court established that "the requirement that the IV-D AGENCY operate ~~child support~~ the IV-D program in "substantial compliance" with Title IV-D was not intended to benefit individual children and custodial parents, and therefore it does not constitute a federal right. Far from creating an individual entitlement to services, the standard is simply a

3

yardstick for the Secretary to measure the systemwide performance of the Title IV-D program. Thus, the Secretary must look to the aggregate services provided by the IV-D AGENCY, not to whether the needs of any particular person have been satisfied." *Blessing v. Freestone*, 520 U.S. 329, 343, 117 S.Ct. 1353, 137 L.Ed.2d 569

5. The second legal issue is that "Title IV-D does not create enforceable rights on behalf of needy families with children because they are not the intended beneficiaries of the statute. The court reasoned that the primary purpose of Title IV-D was intended to benefit the public treasury and taxpayers." *Wehunt v. Ledbetter*, 875 F.2d 1558, 1565 (11th Cir. 1989).

6. Lastly, in pursuant to 42 U.S.C. §659(a)(b) and (i)(4)ANDREA JOY CAMPBELL assisted and performed administrative duties of the IV-D AGENCY that pertain to IV-D cases in return for payment by the IV-D AGENCY under 45 C.F.R. § 304.20 availability and rate of FFP(C) Cooperation with courts and *law enforcement officials* pursuant to 45 C.F.R.§ 302.34;45 C.F.R.§ 304.22 FFP purchased ~~support enforcement~~ IV-D services: and of course the ever so popular motive, profit from 42 U.S.C. § 658(a) & (f).

7. Therefore, as opposing counsel for Defendant(s) via *ex contractu* performance, ANDREA JOY CAMPBELL has knowingly and blatantly failed to faithfully and impartially discharge and perform all the duties incumbent on her as Attorney General according to the best of her ability with full understanding, and she agreeably and knowingly violated the rule of law, the rules and regulations of the Constitution and the laws of thisCommonwealth and the United States. It has

4

been established by the high Courts that IV-D only benefits the public treasury and taxpayers, and as such IV-D is hereby deemed Treasury and Taxpayers Support *i.e.* (TTS) in return for profit.

    8.    Therefore, pursuant to DR 2-109 Acceptance of Employment. (A) A lawyer shall not accept employment on behalf of a person if he knows or it is obvious that such person wishes to: (2) Present a claim or *defense* in litigation that is not warranted under existing law, unless it can be supported by good faith argument for an extension, modification, or reversal of existing law. Further, upon ABA Canon 30. "Rule 13. . . . A member of the State Bar shall not accept employment to prosecute or defend a case solely out of spite, or solely for the purpose of harassing or *delaying* another . . .."(West 1962). Herein is provided ALL grounds for disqualification by the following:

GROUNDS FOR DISQUALIFICATION I.
THE IV-D AGENCY IS A PRIVATE PERSON

    1.    Pursuant to 45 C.F.R § 301.1,the IV-D program operates ["in"] this Massachusetts Commonwealth *ex contractu,* obligated to administer and supervise the IV-D plan approved by the director of the foreign federal OCSE which set forth the operational details of the program under title IV-D of the Act. No other local or Commonwealth agency, *i.e.* (ATTORNEY GENERAL) has any authority over the IV-D AGENCY or officer *de facto* MICHELE CRISTELLO's decisions or actions under IV-D of the Act and its federal regulations.

    2.    This Court should recognize that under 42 U.S.C. § 659(b) with respect to any other order or process to enforce support obligations against an individual, each governmental entity specified in subsection (a) shall be subject to, "inferior, obedient to; governed or affected by; provided that; provided; answerable for.

*American Mfg. Co. v. Commonwealth*, 251 Mass, *Hannibal Trust Co. v. Elzea*, 315 Mo. 485, 286 S.W. 371, 377; the same requirements as would apply if the entity were an (i)(4) private person who does not have sovereign or other special immunity or privilege which causes the person not to be subject to legal process.

    3.    As a private person performing *ex contractu* under federal statutes and foreign regulations for profit from a foreign entity, the IV-D AGENCY does not meet the definition of a Massachusetts Commonwealth agency. "Still a government may suffer loss through the negligence of its officers. If it comes down from its position of sovereignty and enters the domain of commerce, it submits itself to the same laws that govern individuals". *Coke v. United States*, 91 U.S. 389.

<u>GROUNDS FOR DISQUALIFICATION II.</u>
IV-D AGENCY ANSWERS TO THE FEDERAL OCSE
NOT THE MASSACHUSETTS COMMONWEALTH

    1.    Assistant Attorney General ANDREA JOY CAMPBELL is well aware that XAVIER BECERRA the Secretary of the U.S. DHHS through his designee TANGULAR GRAY oversees the national IV-D program operating in this Commonwealth, not any faction of Massachusetts, *i.e.*DOR. Performance *ex contractu* under federal 45 C.F.R. § 303.107(c) terms require that ALL parties will comply with title IV-D of the Act, implementing federal regulations and any other applicable federal regulations and requirements of a **foreign entity in full compliance with IV-D of the Social Security Act Pub.L. 93-647 88 Stat. 2351 42 U.S.C. § 651**, far from the boundaries of the Massachusetts Commonwealth Constitution.

6

2. Under the authority granted to the Secretary of Health and Human Services by section 1102 of the Social Security Act (Act) 42 U.S.C. § 1302. §1102 of the Act authorizes the Secretary to publish regulations not inconsistent with the Act, as may be necessary for the efficient administration of the functions for which the Secretary is responsible under the Act.

3. The Secretary, not any faction of theMassachusetts Commonwealth has authority under section 452(a)(1) of the Act 42 U.S.C. 652(a)(1), through his designee, to establish such standards for the IV-D programs operating in this State as the designee determines to be necessary to assure that IV-D programs will be effective." The Secretary's designee must determine that the rule is necessary to ensure that the IV-D programs will be profitable.

GROUNDS FOR DISQUALIFICATIONIII.
THE IV-D AGENCY IS NOT A COMMONWEALTH
OF MASSACHUSETTS AGENCY

1. In accordance with 42 U.S.C. § 654a, IV-D plan submitted by defendant CRISTELLO must (3) provide for the establishment or designation of a *single* and *separate* organizational unit, *i.e.* IV-D agency which meets such staffing and organizational requirements as the Secretary by regulation prescribes within, the State to administer the plan."In inner or interior part of." in re *White's Estate*, 130 Kan. 714, 288 P. 764, 765.

2. Pursuant to 45 C.F.R. § 301 the "IV-D agency" means the single *i.e.* (*alone*) and separate *i.e.* (*detached/disconnected*) organizational unit ["in"] the State that has the responsibility for supervising the administration of the plan under title

IV-D of the Act. The IV-D AGENCY does not meet the following definition of a State Agency.

3. However under 42 U.S.C. § 4601(3) the term "State agency" means any department, agency, or instrumentality of a State or of a political subdivision of a State, any department, agency, or instrumentality of 2 or more States or of 2 or more political subdivisions of a State or States, and any person who has the authority to acquire property by eminent domain under State law.

4. The Region 1 IV-D agency operating ["in"] Massachusetts established by the Secretary as the 42 U.S.C. §654(3) alone, detached, and disconnected organizational unit by submission of a 45 C.F.R. §301.10 plan by Director officer *de facto* CHRISTELLO to the designee of the Secretary for approval. The IV-D AGENCY is the sole point of contact for the federal government and the entity through which federal Title IV-D funding flows, not the Massachusetts Commonwealth.

5. The IV-D AGENCY contracted with law enforcement agencies and the Commonwealth courts to provide IV-D services in return for payment. From within the DOR, the IV-D AGENCY performs *ex contractu* for the foreign federal OCSE that administers the IV-D program through 45 C.F.R. § 302.34 domestic contracts with all Counties and their Courts. Thus by default Defendant officer *de facto* MICHELE CRISTELLO is merely a IV-D contractor for a private person.

6.     Under Co.Litt. 210, *expressio unius est exclusio alterius*, means the mention of thing, *i.e.* IV-D AGENCY is the exclusion of another *i.e.* State agency. See Broom, Max. 651.

## GROUNDS FOR DISQUALIFICATION IV.
## IV-D IS CONTRACTUAL, NOT CONSTITUTIONAL

1.     Case law interpretation of *Pennhurst,* 451 U.S. at 17, 101 S.Ct. at 1540, 67 L.Ed.2d at 707, is crystal clear, "When Congress fixes the terms on which it shall disburse federal money to the state, it is much in the nature of a contract, in return for federal funds, the states agree to comply with federally imposed conditions. *Wehunt v. Ledbetter*, 875 F.2d 1558, 1563-64. "When the United States, with constitutional authority, makes contracts it has rights and incurs responsibilities similar to those of individuals who are parties to such instruments. There is no difference". *United States v. Winstar Corp.*, 518 U.S.

2.     These contracts are confirmed by General Laws Section 4. (a) Said IV-D agency is also authorized to CONTRACT with other public and private agencies to carry out its responsibilities. General Law - Part I, Title XVII, Chapter 119A, Section 4 (malegislature.gov).

3.     "The legitimacy of Congress' power to legislate under the spending power thus rests on whether the State voluntarily and knowingly accepts the terms of the *contract*. There can, of course, be no knowing acceptance if a State is unaware of the conditions or is unable to ascertain what is expected of it. Accordingly, if Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously." *Wehunt v. Ledbetter*, 875 F.2d 1558, 1564.

4. The federal OCSE within the U.S. DHHS, (not a faction of the government for Massachusetts) requires the IV-D AGENCY operating herein to perform *ex contractu* administrative IV-D services. Pursuant to 31 U.S.C. §6303 an executive agency shall use a procurement contract as the legal instrument reflecting a relationship between the United States Government and a State, a local government, or other recipient when—(1) the principal purpose of the instrument is to acquire (by purchase of *services* for the direct benefit or use of the United States Government; or (2) the agency decides in a specific instance that the use of a procurement contract is appropriate.

5. Clearly, there must always be a contract whenever federal IV-D funding is being provided to any entity that is offering and selling IV-D services. "When the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals". *Franconia Associates v. United States*, 536 U.S. 129.

6. The contract sets forth the services to be provided, the reporting requirements for receiving funding, and must contain a provision that the entity receiving IV-D funding will comply with all federal laws and requirements as a condition for receiving the funding.

- See Self-Represented Litigation Network Resource Guide Developed under a grant Revised December 2017 by: Lee D. Morhar, Karen Lash, Katherine Alteneder and Renee Danser Grant Number SJI-12-P-086p.17.

7. Performance under said contracts resulted in the direct violation of the law and my Part the First Rights guaranteed and secured under Article I, on the basis that as a man born free and equal, I am now deprived of my certain natural,

essential, and unalienable rights; among which are now reckoned: the right of enjoying and defending my life and my liberties; my right of acquiring, possessing, and protecting my property; in fine, my right to seeking and obtaining my safety and my happiness.

## GROUNDS FOR DISQUALIFCATION V.
### THE IV-D AGENCY AND OFFICER *DE FACTO* MICHELE CRISTELLO ARE CONTRACTORS OF A FOREIGN ENTITY

1. "This term "contractor" is strictly applicable to any person who enters into a contract (*Kent v. Railroad Co.*, 12 N.Y. 628"), but is commonly reserved to designate one who, for a *fixed price*, undertakes to procure the performance of works on a large scale, in large quantities, whether for the public or a company or individual." *McCarthy v. Second Parish*, 71 Me. 318, 36 Am.Rep. 320.

2. "This term "contractor" is strictly applicable to One who in pursuit of independent business undertakes to perform a job or piece of work, retaining in himself control of means, method, and manner of accomplishing the desired result." *Marion Malleable Iron Works v. Baldwin*, 82 Ind.App. 206, 145 N.E. 559, 560.

## GROUNDS FOR DISQUALIFCATION VI.
### IV-D AGENCY POSSESSES NO SOVEREIGNTY

1. Sovereignty is the supreme, absolute, and uncontrollable power by which any *independent* state is governed. Paramount control of the Constitution and the international independence of a state, combined with the right and power of regulating its internal affairs without *foreign dictation.Chisholm v. Georgia*, 2 Dall.

455, 1 L.Ed. 440. See *independent*: not dependent; not subject to control, restriction, modification, or limitation from a given outside source. Black's Law Rev. 4th Ed.p.911.

2. *Pennhurst*, 451 U.S. at 17, 101 S.Ct. at 1540, 67 L.Ed.2d at 707 provides that IV-D is contractual in nature, and in return for federal funds, the IV-D AGENCY, director MICHELE CRISTELLO and her contractors agreed to comply with federally imposed conditions. See *comply*: to yield, to accommodate, or to adapt oneself to, to act in accordance with. *Dragwa v. Federal Labor Union No. 23070*, 41 A.2d 32, 36, 136 N.J.Eq. 172.

3. "Conditions are the future and uncertain event upon the happening of which is made to depend on the existence of an *obligation*, or that which subordinates the existence of liability under a contract to a certain future event."*Standard Surety & Casualty Co. v. Wynn*, Tex.Civ.App., 172 S.W.2d 789, 792.

4. 19 *Corpus Juris Secundum* Corporations §883 is clear that the United States government is a foreign corporation with respect to States. Pursuant to the Code of theDistrict of Columbia§ 29–101.02. Definitions.(14) the Massachusetts Commonwealth is foreign to the corporate United States with respect to an entity governed as to its internal affairs by the law of a jurisdiction other than the District.

5. IV-D outsourcing includes both foreign and domestic contracting with the federal OCSE within the U.S. DHHS. In order to obtain federal profits, *ex*

*contractu* Defendants offer and sell IV-D services to customers. Information for DOR customers who need to establish parentage or go to court. | Mass.gov The practice of handing over the control of federal IV-D services for Massachusetts was outsourcing.

   6.   41 U.S.C. Public Contracts§403(F) provides that services offered and sold competitively, in substantial quantities, in the commercial marketplace based on established catalog or market prices for specific tasks performed or specific outcomes to be achieved and under standard commercial terms and conditions.

   7.   Wherefore, under the current foreign 31 U.S.C. §6305 and 45 C.F.R. § 302.34 contracts the federally outsourced IV-D AGENCY operating in Massachusetts Commonwealth by its submitted 45 C.F.R §301.10 IV-D plan under 45 C.F.R. § 303.107(c) terms does not have paramount control of the constitution, its international independence, or any right and power of regulating its internal affairs under IV-D of the Act without the foreign federal 42 U.S.C. § 652(a) detached and disconnected OCSE within the U.S. DHHS's dictation and therefore does not possess sovereignty as provided in *Chisholm v. Georgia,* 2 *Dall.* 455, 1 L.Ed. 440.

## SUMMARY

   a.   By submission of the 45 C.F.R. §301.10 IV-D plan and performance under 31 U.S.C. §6305 and 45 C.F.R. § 302.34 foreign and domestic contracts subject to the supervision of a foreign federal OCSE, the IV-D AGENCY, is not a state agency, including IV-D contractor *officer de facto* MICHELE CRISTELLO as director of a private person performing *ex contractu* under IV-D of the Act, obligated to federal terms and conditions in return for profit by the designee of the Secretary of the U.S. DHHS without the sovereignty of the Commonwealth and far from the

boundaries of the Constitution for the United States and the Constitution for the Massachusetts Commonwealth both which ANDREA JOY CAMPBELL as the AG swore her under oath to support and uphold.

b.  Accordingly the Attorney General's office is an advocate and resource for the people of Massachusetts, not the foreign federal OCSE within the U.S. DHHS. Office of the Attorney General | Mass.gov. Furthermore, the Administrative Law Division clearly represents "state agencies and state officials" in certain cases of civil litigation. It is not Constitutionally vested to represent a director of the 42 U.S.C. §659 (a)(b)(i)(4) private person who does not have sovereign or other special immunity or privilege which causes the person not to be subject to legal process. Learn about the Attorney General's Government Bureau | Mass.gov, In the attempt to represent Defendant(s), ANDREA JOY CAMPBELL is in violation 15 U.S.C. §52 Dissemination of False Advertising and 18 U.S.C. § 1341 Frauds and Swindles.

WHEREFORE, this Court should grant Plaintiffs Motion to Disqualify Attorney General ANDREA JOY CAMPBELL as Opposing Counsel for Defendant(s) on the basis that the IV-D AGENCY is not a Commonwealth agency and as the director of a private person *officer de facto* MICHELE CRISTELLO is ineligible for defense in accordance with Rule 1.8(a) and all the above supporting grounds.

For the reason stated above the Plaintiff(s) submits this motion.

Respectfully Submitted on This 5th Day of June 2023.

_____
Jaime Rey
377 Willard Street #255
Massachusetts Commonwealth, Quincy

Non-Domestic: Real Land North America

STATE OF _MA_
COUNTY OF _Norfolk_

Sworn to (or affirmed) and subscribed before me this _5_ day of _June_ 20_23_, by _MA Drivers License_

_Lori Lynn Decker_     _Lori Lynn Decker_
Notary Public's Signature     Notary Name
My Commission Expires _0F-/F-2020_

LORI LYNN DECKER
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
August 18, 2028